**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Marie A. Lona, | ) | Case No. 21-13535 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |

**MEMORANDUM OPINION**

This matter is before the court on an objection to the Debtor's amended claim of a

homestead exemption.  The objection filed by Adrianne Lona, Representative for the Estate of

Marco A. Lona ("Decedent's Estate") is based upon the bad acts of the Debtor, Marie A. Lona

and the basis of the order previously entered finding that the claims of the Decedent's Estate are

nondischargeable under 11 U.S.C. § 523(a)(4) for defalcation while acting as a fiduciary.

Because the Decedent's Estate has failed to adequately support her objection to the amended

homestead exemption, the objection will be overruled.

## I.      Jurisdiction

The court has subject matter jurisdiction of the bankruptcy case under 28 U.S.C. §

1334(a) and the district court's Internal Operating Procedure 15(a).  The determination to allow

or disallow a claim of exemption in property of the estate is a core proceeding. 28 U.S.C. §

157(b)(2)(B).  Disputes regarding the allowance of an exemption in property of the estate stem

from the bankruptcy itself and therefore may be constitutionally decided by a bankruptcy judge.

*See Stern v. Marshall,* 564 U.S. 462, 499 (2011).

## II.      Background

This case was originally filed seeking protection under chapter 13 of the Bankruptcy

Code.  The original Schedule C listed $500,000 as an exemption related to the primary residence

of the Debtor.  Apparently, this represented the Debtor's estimate of what she regarded as one-half of the value of the home.  It soon drew a timely objection from the Decedent's Estate because the homestead exemption in Illinois is limited to $15,000.  The objection was sustained in February 2022 (Dkt. No. 35).  Shortly after that, the Debtor's attorney withdrew, and the case was converted to one under chapter 7.  From that time forward until October 2023, the Debtor was unrepresented by a lawyer.

Throughout much of this case, the Debtor failed to cooperate and perform her chapter 7 duties under the Bankruptcy Code.  As a result, the chapter 7 trustee was required to file motions to compel her attendance at the section 341 meeting (Dkt. No. 55) and when she failed to appear several times, the chapter 7 trustee filed a motion seeking an order for a rule to show cause as to why the Debtor should not be held in contempt for failure to appear at the 341 meeting (Dkt. No. 68).  When the Debtor failed to respond, the court entered an order for a body attachment (Dkt. No. 75).  Even with the entry of the order for a body attachment, and the assistance of the United States Marshal Service in bringing the Debtor into the courthouse, the section 341 meeting was adjourned numerous times (Dkt. Nos. 78, 79, 80, 83 and 96).

The Debtor's primary residence, located at 1924 West Potomac Avenue, Chicago, Illinois was the most valuable asset of the Debtor's estate.  The Debtor again was uncooperative and stymied the chapter 7 trustee's attempt to inspect the Potomac Property.  The failure to give the trustee and his broker access led to a second rule to show cause and a second body attachment in April 2023 (Dkt. No.  108).  The chapter 7 trustee encountered numerous other impediments caused by the Debtor as he attempted to show the property with the assistance of a broker.  Ultimately, after the court ordered that the showing of the property be conducted with the assistance of the Marshal's office, the Potomac Property was shown to prospective buyers and

2

brokers.  An offer was received and an order authorizing the sale was entered on August 16, 2023 (Dkt. No. 118).

The trustee's frustrations did not end there.  The Potomac Property needed to be emptied of the Debtor's personal property, much of which was abandoned by the trustee.  In October 2023, prior to the closing, the Debtor finally employed an attorney.  In October 2023, the Debtor filed an amended homestead exemption for $15,000, as allowed under Illinois law.  Several days later, she filed a motion to stay the execution of the sale order until the $15,000 homestead exemption was paid.  In addition, she asserted that she needed the $15,000 to facilitate the move of her possessions.  During the court hearing on October 25, 2023, an order was negotiated that allowed the chapter 7 trustee to inspect the Potomac Property to determine whether he would abandon personal property, and to allow the Debtor to move abandoned property.  The same order provided that the issue of the amended claim of the homestead exemption was preserved for a later ruling (Dkt. No. 128).

On November 30, 2023, the Debtor filed a motion seeking an order for payment of the $15,000 homestead exemption.  Several days later, the Decedent's Estate filed an objection to the payment of the exemption.  The parties have fully briefed whether the amended homestead exemption should be disallowed because of the bad acts of the Debtor, and it is ready for decision.

### III.    Legal Analysis

The objecting creditor has the burden of proof to show that the amended exemption is not allowed.  Fed. R. Bankr. P. 4003(c).  The objection of the Decedent's Estate to the amended homestead exemption is in large measure based upon allegations of wrongdoing, lack of cooperation, and bad faith of the Debtor.  There is no question that the Debtor's lack of

cooperation prevented the chapter 7 trustee from efficiently doing his job to marshal and liquidate assets for the benefit of the creditors in this case.  As a result, this conduct diminished the distribution to creditors of the estate.  The Debtor has stated in several pleadings that she suffers from depression and is under treatment of a therapist (Dkt. Nos. 125, 131).  The court did not conduct a hearing as to the cause of the lack of cooperation and apparent obstruction which caused the case to be much more difficult that it might ordinarily have been.  The Bankruptcy Code does not, however, provide support for denial of exemptions based upon bad behavior, mental illness, or even lack of candor as explained below.

A.    **The Homestead Exemption is Determined as of the Petition Date**

As a preliminary matter, it is important to clarify that the date upon which the exemption is determined in this bankruptcy proceeding is the date the petition was filed.  *In re Awayda*, 574 B.R. 692, 695 (Bankr. C.D. Ill. 2017).  This "snapshot" rule is widely held by the majority of courts, including those courts interpreting Illinois exemptions. *Id.*; *In re Snowden*, 386 B.R. 730, 734 (Bankr. C.D. Ill. 2008); *see also Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018) ("A debtor's exemptions have long been fixed at 'the date of the filing of the [bankruptcy] petition' *White v. Stump*, 266 U.S. 310, 313 . . . (1924)").  The argument proffered by Decedent's Estate that Debtor was not occupying her house at the time of amendment is therefore irrelevant.

B.    ***Law v. Siegel* prohibits the disallowance of the Debtor's exemptions for non-statutory factors**

In *Law v. Siegel*, the Supreme Court limited the consideration of equitable factors in disallowing exemptions.  *Law v. Siegel*, 571 U.S. 415, 425 (2014).  The debtor in *Law* had fraudulently created liens to demonstrate that there was no equity in his property.  *Id.* at 418.  After extensive and expensive investigation, the trustee determined and established that the second lien was a fiction and there was considerable equity in the property.  *Id.* at 418-20.  As a

4

result of the dishonesty and the excessive fees created for the trustee, the trustee sought to surcharge the debtor's homestead exemption to pay the trustee's fees. *Id.* at 420. The surcharge was allowed by the bankruptcy court and affirmed by the Ninth Circuit Bankruptcy Appellate Panel and the Ninth Circuit. *Id.* at 420. The Supreme Court reversed the surcharge on the homestead, finding that the bankruptcy court had no authority to "override explicit mandates" of the Bankruptcy Code and the Bankruptcy Code specifically provides that exempt property "is not liable for the payment of administrative expenses." *Id.* at 421-22; 11 U.S.C. § 522(k). The Court further explained that this holding was making clear that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines" of the Code. *Id.* at 421 (citing *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206 (1988)). Several times in *Law,* the Court emphasized that "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Law,* 571 U.S. at 425.

Important to the objection here, is the Decedent's Estate's reliance on *In re Doan*, 672 F.2d 831 (11th Cir. 1982) and *Matter of Yonikus,* 996 F.2d 866 (7th Cir. 1993). Both cases were specifically mentioned by the Supreme Court in *Law* as previously denying a debtor's exemption based on equitable factors such as concealing property. *Law*, 571 U.S. at 425. As a result of the holding in *Law,* both cases were overruled. *Yonikus* was controlling law in the Seventh Circuit, but is no longer. *In re Coyle*, Case No. 14-90026, 2016 WL 828459 at *3 (Bankr. C.D. Ill. March 2, 2016) ("Bankruptcy courts no longer have the authority to consider the merits of objections to exemptions based on bad faith or non-statutory equitable grounds."); *In re Bogan,* 534 B.R. 346, 349 (Bankr. W.D. Wis. 2015) ("*Law v. Siegel* mandates the conclusion that the bankruptcy court is without federal authority to disallow the Amended Exemption or to deny

5

leave to amend exemptions based on Debtor's bad faith." (quoting *In re Gray*, 523 B.R. 170, 175 (9th Cir. B.A.P. 2014))); *In re Franklin,* 506 B.R. 765, 771 n.3 (Bankr. C.D. Ill 2014).[1]  Thus, the amended exemption cannot be eliminated even when the Debtor increased the cost and delay in liquidating the Potomac Property.  The plain language of the Code simply does not provide for that result and this court cannot, as the Decedent's Estate suggests, use § 105 of the Code to move beyond the simple language of the Code.

> **C.**      **Under Illinois Law there is no authority to disallow a homestead exemption for bad acts**

The homestead exemption claimed by the Debtor is the Illinois homestead exemption, 735 ILCS 5/12-901 (Dkt. No. 122).  *Law* discussed the inability of a Bankruptcy Court to deny an exemption if not specified in the Code, but "when a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." *Law*, 571 U.S. at 425.  Neither party discussed Illinois's stance on the applicability of misconduct to the Illinois homestead exemption in their briefs.  This alone is enough to deny the objection, as the burden of proof lies with the objector— Decedent's Estate.  Fed. R. Bankr. P. 4003(c).  Nevertheless, this Court's review of Illinois law also leads to the conclusion that there is no authority to disallow a homestead exemption for bad acts.

---

[1] Curiously, the Decedent's Estate ignores the duty to cite and distinguish controlling law, if possible.  *Law* was cited by the Debtor in the Motion to Pay filed on November 30, 2023 (Dkt. No. 131). The Decedent's Estate fails to even acknowledge the existence of *Law v. Siegel* in its Response.  This court is duty bound to follow *Law*.  "Counsel has an ethical obligation to cite controlling authority that is directly on point, even (and especially) when that authority is adverse to his client's position and opposing counsel fails to cite it." *Taylor v. Client Services, Inc.*, Case No. 17-CV-05704, 2018 WL 4355819 at *3, (N.D. Ill. September 12, 2018). Although *Law* was cited by the Debtor in the Motion to Pay, counsel for the Decedent's Estate failed to acknowledge or attempt to distinguish it, instead citing case law that the Supreme Court had specifically overruled.  Illinois Rules of Professional Conduct provide that "[a] lawyer shall not knowingly …fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Ill. R. of Prof'l Conduct R. 3.3(a)(2).  The Decedent's Estate fails to even mention *Law v. Siegel* or  try to distinguish it.  Instead, it relies on cases that have been overturned by *Law.*

An Appellate Court of Illinois in *In re Estate of Millhouse* held that a surviving spouse could claim a homestead exemption from funds that had been "defalcated" by a deceased spouse, even though there was a benefit from the fruits of a crime. *See In re Estate of Millhouse*, 60 Ill. App. 3d 549, 549, 553 (1978). In *Millhouse*, alleged bad acts did not affect the homestead exemption, as "[n]either fraud, nor even the commission of a criminal offense, can work a release or forfeiture of the homestead right. Such release or forfeiture can only be accomplished in the manner provided by statute." *Id.* at 552 (quoting *People v. Stitt*, 7 Ill. App. 294, 298 (1880)). The express wording of the homestead exemption statute does not include any limit on the exemption due to misconduct or bad acts. 735 ILCS § 5/12-901. As a result, this court can find no support for the disallowance of the homestead exemption based on state law.

### D.        Objection to Timeliness of Objection to the Amended Exemption

The Debtor objects to the fact that the Decedent's Estate filed her objection to the amended exemption more than 30 days after the Amended Exemption was filed. Under the Bankruptcy Rules, this would mean that the objection was not timely and therefore should be disallowed. Fed. R. Bankr. P. 4003(b). Rule 4003(b) is to be strictly enforced. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992); *In re Gomez,* 655 B.R. 738, 743 (Bankr. N.D. Ill. 2023).

The objection to the amended homestead exemption, however, was not untimely. The amended exemption was filed on October 19, 2023. On October 25, 2023, this court entered an order stating that the issue of the homestead exemption would be preserved for a later ruling (Dkt. No. 128). This was the result of in-court discussions on October 25, 2023, during which the Debtor agreed to allow the chapter 7 trustee to go through the house and that she would move out by a date certain. In that order, the court continued any discussion of the homestead

7

exemption until a later date – thus, extending the 30-day mandatory objection deadline to at least

the next hearing date, December 13, 2023.  The objection was filed on December 5, 2023 (Dkt.

No. 132).  This was thus a timely objection within the extended date.  If, on the other hand, this

court is incorrect, there is no harm to the Debtor as the ruling in this order overrules the objection

made by the Decedent's Estate to the homestead objection based upon *Law v. Siegel.*

### IV.     Conclusion

The Decedent's Estate has asked this court to deny the Debtor's amended claim of

exemptions based on the Debtor's wrongful conduct.  The Decedent's Estate has failed to

provide any legitimate basis for this court to grant her the relief requested.  Nearly ten years ago,

the Supreme Court clarified that the authority previously thought to exist in bankruptcy courts to

deny exemptions based on non-statutory equitable grounds is not found in the Bankruptcy Code.

Therefore, there is no authority under Illinois law to carve an exception into the homestead

exemption statute based on the conduct complained of here.  The objection to the amended

homestead exemption is denied.

ENTER:

Dated:  February 1, 2024

_____
Honorable Deborah L. Thorne
United States Bankruptcy Judge